**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**HILDA CURET-VELÁZQUEZ, et al.,**
    **Plaintiffs,**

    **v.**

**ACEMLA DE PUERTO RICO, INC., et al.,**
    **Defendants.**

**Civil No. 06-1014 (ADC)**

## ORDER

Plaintiffs, Hilda Curet-Velázquez ("Velázquez"), Eduardo Curet-Velázquez, and Hilda Velázquez-Coto (collectively, "plaintiffs"), filed this action against defendants, ACEMLA de Puerto Rico, Inc. ("ACEMLA") and Latin American Music Co., Inc. ("LAMCO") (collectively, "defendants") for, *inter alia*, violations of the Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.* ("Copyright Act"). **Docket No. 1**.

Now before the Court are defendants' objections (**Docket No. 71**) to the Report and Recommendation ("R & R") (**Docket No. 66**) issued by Magistrate-Judge Bruce J. McGiverin ("Magistrate-Judge") on November 21, 2007, which recommended granting in part and denying in part plaintiffs' motions for summary judgment. **Docket Nos. 12 & 55**. After reviewing the R & R, objections, pleadings, statements of fact, and exhibits (**Docket Nos. 12, 13, 33, 34, 41, 46, 55, 56, 60, 66, 71**), the Court adopts the R & R, in full, thereby granting plaintiffs' motions for summary judgment in part and denying in part.[1]

**I.**     **Standard of Review for Objections to a Report and Recommendation**

A District Court may refer pending motions to a magistrate-judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Loc. Rule 72(a). Any party adversely affected by the recommendation issued may file written objections within ten days of being served with the report and recommendation. *See* 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made."

---

[1] Plaintiffs have not objected to the R & R.

*Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (*citing United States v. Raddatz*, 447 U.S. 667, 673 (1980)). Failure to comply with this rule may preclude further review by the district court and the court of appeals. *See Santiago v. Cannon U.S.A. Inc.*, 138 F.3d 1, 4 (1st Cir. 1998); *Davet v. Maccorone*, 973 F.2d 22, 30-31 (1st Cir. 1992). Similarly, a party objecting to a report and recommendation is "not entitled to a de novo review of an argument never raised" before the magistrate-judge. *Borden v. Sec. of Health and Human Svcs.*, 836 F.2d 4, 6 (1st Cir. 1987).

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. § 636 (a)(b)(1)*; see also Templeman v. Cris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo Rodríguez v. Pfizer Pharma., Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). Hence, the Court may accept those parts of the report and recommendation to which the plaintiff does not object. *See Hernández-Mejías v. General Elec.*, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (*citing Lacedra v. Donald W. Wyatt Detention Facility*, 334 F. Supp.2d 114, 125-26 (D.R.I. 2004)).

## II. Summary Judgment Standard

"Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law based on the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits." *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008) (*citing* Fed. R. Civ P. 56(c)). When ruling on a motion for summary judgment, the court "must scrutinize the evidence in the light most agreeable to the nonmoving party, giving that party the benefit of any and all reasonable inferences." *Cox v. Hainey*, 391 F.3d 25, 27 (1st Cir. 2004). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Suárez v. Pueblo Int'l, Inc.*, 229 F.3d 49, 53 (1st Cir. 2000) (*quoting Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)). In addition, the "absence of evidence on a critical issue weighs against the party—be it either the movant or nonmovant—who would bear the burden of proof on that issue at trial." *Alamo-Rodríquez v. Pfizer Pharma.*, 286 F. Supp. 2d 144, 151 (D.P.R. 2003) (*citing Pérez v. Volvo Car Corp.*, 247 F.3d 303, 310 (1st Cir. 2001)).

"A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." *Thompson*, 522 F.3d at 175 (*quoting Sánchez v. Alvarado*, 101 F.3d 223, 227 (1st Cir. 1996)) (internal quotation marks omitted). "A fact is material if it has the potential of determining the outcome of the litigation." *Maymí v. P.R. Ports Auth.*, 515 F.3d 20, 25 (1st Cir. 2008). To defeat a properly supported motion for summary judgment, evidence offered by the non-movant "must be significantly probative of specific facts." *Pérez v. Volvo Car Corp.*, 247 F.3d 303, 317 (1st Cir. 2001) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). As a rule, "[e]vidence that is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment." *Vázquez v. López-Rosario*, 134 F.3d 28, 33 (1st Cir. 1998). Finally, it is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 252.

### III. Defendants' Objections

As best the Court can discern from defendants' motion, they "object" to the R&R on two separate grounds. First, defendants' argue that the Magistrate-Judge failed to properly consider their position that plaintiffs, through their conduct, "granted" defendants a nonexclusive implied license to use Curet-Alonso's compositions. In conjunction with this "objection", defendants invite this Court to "take into account the background of the relationship among the parties in this case because the parties' course of conduct is essential to determining whether an implied license exists." Second, they object to the Magistrate-Judge's reliance on *LAMCO v. Archdiocese of San Juan*, 499 F.3d 32 (1st Cir. 2007), inasmuch as they filed a petition for certiorari to the United States Supreme Court. These objections/arguments are discussed in turn below.

#### 1. Nonexclusive Implied License

Defendants' object to the R&R based on, and invites the Court to consider, its nonexclusive implied license argument. Despite invitation to do so, the Court cannot refer to it as an "objection" inasmuch as the existence of an implied license agreement was an in issue never properly presented to the Magistrate-Judge. Accordingly, at this juncture the

Court may not and will not consider it. As evidenced by a review of defendants' oppositions to plaintiffs' summary judgment motions, defendants' nonexclusive implied license argument consists of nothing more than vague allegations about past relationships between the parties[2], and citation to a single case in defendants' sur-reply to plaintiffs' first motion for summary judgment. *See* L. Cv. R. 7(b) ("Any objection shall include citations and supporting authorities and affidavits and other documents setting forth or evidencing facts on which the objection is based."). Accordingly, by willfully failing to develop this argument in front of the Magistrate-Judge—*e.g.*, no supporting statement of facts, no case citations, etc.—it was waived. *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). As such, the Court treats this argument as if it was never brought before the Magistrate-Judge.

Parties objecting to a report and recommendation are not entitled to de novo review of arguments never raised before the Magistrate-Judge. *Borden*, 836 F.2d at 6 ("Appellant was entitled to a de novo review by the district court of the *recommendations to which he objected . . .* , however he was not entitled to a de novo review of an argument never raised [before the magistrate-judge]."); *Entact Services, LLC v. Rimco, Inc.*, 526 F. Supp. 2d 213, 223 (D.P.R. 2007) ("New arguments, or new known evidence, are to be excluded as reconsideration arguments originally available to movant at the time of the submission to the Magistrate Judge.") (citation omitted). "'The purpose of the Federal Magistrate's Act is to relieve courts of unnecessary work.'" *Borden*, 836 F.2d at 6 (quoting *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980)). "It would defeat this purpose if the district court was

---

[2] Instead of complying with L. Cv. R. 56(c), which lays out the requirements for setting forth a separate set of additional facts, defendants choose to incorporate their "facts" within the body of their motions and to attach exhibits to the back of their memorandums of law in opposition to plaintiffs' motions for summary judgment. As such, the Magistrate-Judge was correct in not considering said "facts." *See* L. Cv. R. 56 (c) ("The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation as required by subsection (e) of this rule."). For the same reason, this Court declines to consider defendants' "facts" which allegedly evidence the relationship amongst the parties.

required to hear matters anew on issues never presented to the magistrate. Parties must take before the magistrate, 'not only their 'best shot' but all of their shots.'" *Id.* (*quoting Singh,* 593 F. Supp. 1315 (D.C. Me. 1984)). "This concept is premised on the same basis as the rule that an appellate court will not consider arguments not raised below except in the most compelling circumstances." *Id.* (*citing Johnston v. Holiday Inns,* 595 F.2d 890, 894 (1st Cir. 1979)). As such, defendants cannot now come forward, present developed argumentation, and new evidence, and expect this Court to consider them. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988) ("[Fed. R. Civ. P. 72(b)] does not permit a litigant to present new initiatives to the district judge. We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate."). Defendants had their chance to exhaust their nonexclusive implied license argument in front of the Magistrate-Judge, but made the affirmative decision not to do. Consequently, these arguments will not be considered.

### 2. *Writ of Certiorari* to the Supreme Court

Defendants' second objection fails inasmuch as their *writ of certiorari* was denied on February 19, 2008. *See LAMCO, et al. v. Souther Music Publ'g Co., Inc.,* 128 S.Ct. 1232 (2008).

## IV. Conclusion

After careful consideration of the record and defendants' objections, the Court hereby **ADOPTS**, in full, the R & R now before the Court. **Docket No. 66**. Accordingly, plaintiffs' motions for summary judgment (**Docket Nos. 12, 55**) are **GRANTED** in part and **DENIED** in part.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 26th day of August, 2008.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**